Jones, J.
The taxation made by the clerk, as corrected by the order appealed from, (which corrections were in the appellant’s favor,) was affirmed on the argument in all respects, except as to the disallowance of the charges at folio 7 for witness fees, the correctness of which disallowance was the only matter reserved for consideration.
On such affirmance, at the argument, the court held, among other things, that there were two separate actions, the one commenced in 1855, which resulted in a dismissal of the complaint; the other commenced (after such dismissal) in December, 1857, or January, 1858, which resulted in a verdict for the plaintiff; that the costs and disbursements in the first suit could not be'taxed by the plaintiff as costs and disbursements.in the second suit, and that the plaintiff was not entitled to tax witness-fees for his own attendance as' a witness. This claim for witness fees, thus narrowed down, is for those of H. Hill Wheeler in the second suit, and is divisible into two parts ; one for the fees of daily attendance, the other for traveling fees.
There are several objections raised to the allowance of these fees. Some of the objections apply to both classes of the fees; others to the attendance fees alone, and others to traveling fees alone.
The objections will be considered in this order.
It is objected that the plaintiff cannot tax either of these classes of fees, because’ it does not appear that the witness was a necessary one. The plaintiff swears that the witness was a necessary one, and it appears that, at every trial, the witness was actually sworn and examined. This, in the absence of any thing tending to show that he was not necessary, is amply sufficient to establish that he was a necessary witness.
As to the attendance fees, it is objected that it does not appear that the plaintiff has paid or became liable to pay them.
If the witness attends, either by virtue of a subpoena or of a special request, a liability to pay his legal fees attaches. *705 (Wheeler v. Lozee, 12 How. Pr. R. 446.) In this case the witness swears: “ That, in pursuance of a subpoena for that purpose, he attended this court, as a witness for the plaintiff, in the months of December, 1862, January, 1863, December, 1864, February, March and April, 1865. ■ That the distance from his residence to this city, by the usual route, which he traveled for the purpose of attending this court as a witness, as aforesaid, is 334 miles.” The affidavit might, it is true, have been couched in more explicit terms, but I am unable to perceive how any other construction can be put on it, but that he attended at each of the months specified in his affidavit, in pursuance of a separate subpoena for each month.
The criticism, that from the use of the word subpoena in the singular number, it follows that there was but one subpoena, is unsound, when the context of the affidavit is taken into consideration. If the criticism be sound, then we have a man swearing that, in pursuance of a subpoena for the month of December, 1862, he attended court in April, 1865, an absurdity so gross that its commission is incredible. Giving to the sentence the natural import, according to the rules of grammatical construction, which is that the word subpoena applies to each of the months, this absurdity is avoided.
But it is objected that it does not appear that his attendance was necessary at the various times at which he attended. He says he attended in the following months; in December, 1862, when the cause was reached and partly tried. He. again says he attended in January, 1863. That month the cause was tried; in December, 1864, when the cause was on the day calendar, although hot reached; in February, 1865, when the cause was reached, partly tried, and put off for the term on the defendant’s motion; in March, 1865, when the cause was on the day calendar, although not reached; in April, 1865, when the cause was tried. These are all the months in which he says he attended ; arid it is *706 manifest that his attendance in each of these months was necessary.
But it is again objected, that it does not appear that it was necessary to have his attendance at the several terms for the number of days charged for, because it does not appear, that the cause was on the ■ day calendar for all those days.
The affidavits show, that in December, 1864, the cause was on the day' calendar, on ten different days, and in March, 1865, on the day calendar for the like number of days.
The witness swears,that he attended on all these days, except two, in March 1865; and he does not say he attended on any other days in those months.
With reference to several months, (December, 1862, January, 1863, February, 1865, and April, 1865,) the affidavits do not show that the cause was on the day calendar for the days for attendance on which fees are charged. I do not imagine, however, that when a witness lives at a distance, the charge for attendance fees is to be limited to days when the cause is actually on the day calendar. , That may be the case where the witness resides in the same place where the court sits, and can be subpoenaed on one day to attend the next, as is intimated in Ehle v. Bingham, (4 Hill, 595.) Even if this be the rule as to city witnesses, (a proposition which, notwithstanding the intimation in Ehle v. Bingham, I much doubt, although it is not now necessary to pass upon it,) still it cannot apply to the case of a witness residing at a distance. If it is to apply to such latter witness, then the court must hold that a party is-justified in delaying the subpoenaing of such witness until the day before that on which the cause is on the day calendar, since, until that day, he cannot, with any certainty, know on what day the cause will be on the day calendar; and, as a necessary consequence, it must be held, that if the cause is reached the first day it is on the day calendar, the party whose witness. he is to be, on showing that on the day pre *707 vious he sent to subpoena the witness, but that he does not yet know whether.the witness has been subpoenaed or not, and, if he has been, that it will require several days for him to arrive at,the court house, is entitled to have the cause set down for a subsequent day or term ; and, on such subsequent day, upon showing that the witness had left his residence, and gone out of the state before he could be subpoenaed, he would be entitled to have the cause go off for the term. Such an excuse has never been considered sufficient ground for putting off a trial. On the contrary, it is held that a neglect to take steps to procure the attendance of a witness until so late an hour as to prevent his reaching the court in time, was such laches as to call for a denial of a motion for postponement; and such has been the constant practice of the courts.
In other parts of the state, where the whole calendar is called through every term, and the circuits do not generally last more than one or two weeks, and witnesses generally, reside at a distance, a party upon receiving or giving notice of trial, in order to use due diligence, is required to take immediate measures to subpoena his witnesses for the first day of the term, and to keep them in attendance until the cause is tried, or called and postponed.
In this city, owing to the number of causes on the general calendar, and the fact that a cause may, therefore, be on such calender from three to ten terms, (according to the court in which the cause is, although the delay is not now probably one quarter as great as it was five or six years ago,) a practice grew up among the profession, and was tolerated by the court, not to subpoena witnesses until there was a reasonable expectation of the cause being reached for trial. Under this practice the rule has become somewhat established in this city, that a party is required to use reasonable diligence and judgment to ascertain when the cause may be expected to be on the day calendar, and to have his witnesses in attendance when the cause is called *708 for trial. This is substantially the rule laid down by this court, m Curtis v. Dutton, (4 Sandf. 719,) Judge Sandford giving the opinion, and all the other justices concurring. I am aware that the case of Vence v. Speir, decided in-this court; (18 How. Pr. 168,) holds the doctrine that witness fees for a ■ witness residing at a distance, can be taxed only for the days on which the cause is on the day calendar. The learned judge who gives the opinion in that case, supports his position, however, by no reasoning, and the authorities he cites, among them the case from 4th Sandf. are not in point. Even if his opinion was better sustained by authority, it is a special term decision, and not necessarily binding on a general term. As I cannot approve of it, I decline to follow it. Testing this cause by the rule, which according to my views before expressed is applicable to it, I think the plaintiff entitled to the fees-in question.
[The learned judge then analyzed the evidence as to the necessity and propriety of the" attendance of a witness at various terms of the court on divers days, and after holding that the plaintiff was entitled to charge for his attendance, proceeded.]
It is said there is a charge made for. Saturdays and Sundays ; but on examination I do not find any such charge; but even if there was, I am inclined to think that it would be correct both upon principle and 'authority. (Muscott v. Runge, 27 How. Pr. 85.) It is urged that the charge for attendance fees cannot be allowed, because the charge in the bill of costs is too general. I think the objection would have been good if it had befen taken before the taxing, officer, but it was not. The form of the objection taken was, that the affidavit of attendance was defective. The dis-allowance of these fees must consequently have been on this ground; as the affidavit is sufficient to the extent of $ 16.50, .that sum must be allowed. With" reference to the travel fees, it is objected that the affidavit does not show that the witness traveled from his residence to tlie court *709 house, for the purpose of attendance as a witness, more than once, and that it does not show for which term he so traveled; therefore it may have been for the February term, 1865, and that consequently these fees cannot be taxed. The objection is sound. The witness, after setting forth in his affidavit his residence, and that in pursuance of a subpoena for that purpose, he attended this court as a witness for the plaintiff, in divers specified months, then says : “ That the distance from his'said residence to this city by the usual route, and which he traveled for the purpose of attending, this court as witness as aforesaid, is 334 miles.” The proper grammatical construction of this sentence is this. That the distance' from his said residence to this city, by the usual route, is 334 miles, which distance he traveled for the purpose of attending this court as" a witness as aforesaid. How, he does not in terms swear that he traveled more than 334 miles for the purpose of attending court. The fact that he attended at various terms, in pursuance of a subpoena, does not tend to show, that he came from his residence each time for such purpose, or that he was subpoenaed at his residence. Non constat but that although he attended in pursuance of a subpoena in each month, yet- that on all but one occasion he was in the city on other business, and was there subpoenaed. If there is any thing in the affidavit tending to show that the witness traveled more than once for the purpose of attendance, it must be the use of of the above words in italics, “ as aforesaid.” To what these words refer may be considered doubtful. They may simply refer to' so much of the previous statement which alleges that he attended as a witness “ for the plaintiff' in this- action,” or they may refer to his attendance at each ■of the months at'which he states he attended. But as the only number of miles which he in express terms states he traveled is 334, and as the fact of his having attended several times, by virtue of a subpoena, is not inconsistent with the fact that he traveled from his residence only once for the *710 purpose of such attendance, it is more probable that the words “as aforesaid ” refer only to the capacity in which he ttonded, to wit, “ for the plaintiff in this action,” and not to the times .at which he attended. In the event of perjuries being assigned on this affidavit, that construction would be given to the language which would comport rather with innocence than guilt. An affidavit of such an evasive character as this, upon which, if it should afterwards appear that the witness had in fact made but one journey for the purpose of attending as a witness, it is, to say the least, doubtful whether perjury could be assigned, is totally insufficient to justify a taxation which would compel the opposite party to pay a large sum for the travel fees'of other alleged journeys. The only proper and reasonable construction to put on this affidavit therefore, is that the witness traveled but once -from his residence to this city for the purpose of attending as a witness. For this once the plaintiff might, perhaps, be allowed travel fees, were it not that it appears that for one of the terms, to- wit, February, 1865, the plaintiff is not entitled to tax any costs or disbursements ; and the affidavit does not show but that the occasion on which the witness traveled was to attend at such February term.
A party, to place himself in a position to tax for travel fees for witnesses, must show affirmatively and clearly that he is entitled to them. It will not do to draw his papers in such a way as, without definitely and clearly showing his right, to leave it to the court to draw from his statements the inference that in some possible event he may be entitled to tax some fees. I am, consequently, of opinion that the disallowance of witness’ travel fees was correct.
The insufficiency of the affidavits as to the travel fees, was called to the plaintiff’s attention before the taxing officer, and although it was then easy for him, if his claim was an honest one, to correct his affidavits and state specically where he subpoenaed the witness; on how many *711 diffei-ent occasions he subpoenaed him; and the particular terms for attendance at which the witness traveled from his residence to this city, yet he refused so to do. He does not now stand in a position to have a further opportunity granted him'to make such correction.
Having come to the conclusion that the plaintiff is enti-, tied to tax $16.50 attendance fees, and it appearing that the clerk has made an arithmetical error against the plaintiff* of $104.94, the order appealed .from, should be modified ,so as to restore to the bill of costs, and allow the plaintiff the sum of $16.50, for attendance fees of witnesses, and to adjust the costs at $543.81, and it should be in all other respects affirmed.
The course pui-sued by the plaintiff’s attorney in this case has been such as to call for animadversion by the court. . He first started with making out a bill of costs so indefinite and confused as to be wholly at variance with the usual course pursued. Then when his attention is called to the fact that the defendant claimed there were two suits, and that he had included in the second suit, costs of the first, he refused to comply with the request of the taxing officers to make such a separation as would enable him, if he determined that there were two suits, to tell which of the charges were in the first suit. He then, when he moved for a re-taxation, made that, motion on affidavits stating matters which did not appear before the taxing officer. These various irregularities have imposed on this court more labor than was necessary in picking out of the mas§ of papers those portions which "were applicable to the points fo be discussed and considered.
The order appealed from should be modified in the manner above suggested, and in other respects affirmed, without costs to' either party.
G-abvih, J. concurred.
*712 Barbour, J.
The affidavit" of H. Hill Wheeler states that he attended in,court in this action six several terms, to wit, in December, 1862; January, 1863; December, 1864; and February, March and April, 1865, traveling from his residence, a distance of 334 miles, each time, for that purpose, and that he was actually sworn and examined as a witness in December, 1862; January,. 1863; and April, 1865. The plaintiff’s own affidavit shows that the cause was on the daily trial calendar for each of the days in December, 1864, and March, 1865, upon which H. Hill Wheeler says he was in attendance as a witness; that such person was a very necessary, material, and important witness for him, and that the disbursements charged in the bill, were actually made or incurred. ' .
I see no reason why the plaintiff has not established by these affidavits, that the attendance • of this material and necessary witness, not only at the three terms when he was sworn and testified, but "during the two at which he was present while the cause was on the day calendar, was necessary and proper; and as the charges for those disbursements were separately and properly set forth in the hill of costs, it appears to me they should be allowed. But there is not sufficient evidence to prove that the cause was upon the day calendar for February, ■ 1865; or that the attendance of the witness at that term was necessary; and it follows that the charge of travel fees for that term was properly disallowed.
So, also, the taxing officer was quite right in refusing to allow the charge for disbursements to that and other witnesses for their daily attendance in court. For the bill does not state the number of days which each witness attended, nor does it even disclose the names of the witnesses. Indeed, with the exception above mentioned, I am unable, upon a very careful examination of the whole matter, to find that any item has been improperly disallowed by the order appealed from.
The clerk, however, seems to have committed an error *713 of $104.94 in footing up and subtracting from the bill, the amount of the items disallowed by him. That amount, together with the sum of $133,60, being the disbursements for five journeys of the witness H. Hill Wheeler, should be added to the bill or settled by the order appealed from on readjustment, and such order should be modified accordingly.